## CURRENT COURT OF APPEAL CASES--Continued

### No. 618

### SNYDER v. BICKLEY and ANDREWS, Admrs.

Ohio Appeals, First District, Butler County
No. 202. Decided June 18, 1923

This opinion has not been published except in Abstract.

**DOWER—(1) Computation of the amount of dower due widower.**

CUSHING, J.

#### Epitomized Opinion

This is an action brought by Bickley and Andrews, administrators of the estate of Mary Snyder, to sell real estate to pay certain debts. George Snyder, husband of the deceased, set up that he was entitled to a dower interests in said property. The facts disclosed that in 1917 Mary Snyder purchased the land in question from one Prue. On the following day Mrs. Snyder and her husband, George Snyder, secured a loan and executed a mortgage on the property in the sum of $5,000. This money was used in payment of the purchase price of the property. The Common Pleas Court of Butler county determined that the amount due the Loan Company was $4,374.55. The property was sold for $8100. The Common Pleas Court held that Snyder was dowable only in the excess remaining after the payment of the mortgage debt. Snyder claimed that he had a dower in the entire value of the land subject only to the amount due to the Loan Company. As the lower court held against him he prosecuted error to the Court of Appeals. In reversing the judgment of the lower court, the Court of Appeals held:

1. The widower under the circumstances of this case is entitled to have his dower interest in said land computed and based upon the entire proceeds of the sale, payable out of the residue of the proceeds after satisfying said mortgage.

Attorneys—Clinton Egbert, for Snyder; Andrews, Andrews & Rogers, for Bickley and Andrews.

### No. 619

### B. & W. RUBBER CO. v. CARTER

Ohio Appeals, Ninth District, Summit County
No. 633. Decided May 24, 1923

This opinion has not been published except in Abstract.

**EQUITY—(1) Facts showing right to cancel stock by a corporation.**

PER CURIAM.

#### Epitomized Opinion

This was a suit in equity to require Carter to surrender for cancellation to the officers of plaintiff company 1,000 shares of preferred stock. The evidence disclosed that two contracts were entered into between the plaintiffs and the defendants. Under the terms of the other contract he was to assist the company in the sale of $100,000 of common stock for which he was to receive 5% commission. The evidence also disclosed that Carter did not secure an extension of time or raise the money for the payment of the mortgages. Later on through an arrangement with the officers of the company they gave him 1000 shares of preferred stock in place of the common stock. As the lower court refused to order the cancellation of the stock, an appeal was prosecuted to the Court of Appeals. In ordering that the 1000 shares of preferred stock be surrendered up and cancelled, the Court of Appeals held:

1. As the officers of said company did not have a right to issue to Carter under said contract the common stock called for therein, they had no right to issue the preferred stock, and it was illegal for them to do so.

Attorneys—May & May, for Rubber Co.; Jonathan Taylor and O. M. Roderick, for Carter.

### No. 620

### EVANS et al v. SCUDDER et al

Ohio Appeals, Seventh District, Mahoning County
Decided March 31, 1923

This opinion has not been published except in Abstract

**INJUNCTIONS—(1) State officers will not be enjoined from proceedings against chiropractors who practice without license.**

POLLOCK, J.

#### Epitomized Opinion

This was an action brought by Evans and other chiropractors to restrain the State Medical Board and other officers from prosecuting them for practicing chiropractice without receiving the license or certificate provided by the Code of this State. A temporary restraining order was granted, but on a further hearing the restraining order was stricken out. The petitioners admitted that they had no license, and that they were violating the state statue when they operated without one. However, they contended that to arrest them would destroy their business and their property rights and that the defendant should be enjoined until the validity or constitutionality of the statute be ascertained. In sustaining the judgment of the lower court and refusing injunction, the Court of Appeals held:

1. As the Supreme Court of the state had already passed on the constitutionality of the statute in question, the plaintiffs had no property rights an illegal business or profession and until they complied with the provisions of the Code, their business was illegal.